IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00771-PAB-CYC

KENTRELL DEWAYNE ROMAN,

    Plaintiff,

v.

AMAZON.COM, INC., a/k/a Amazon,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) or to Transfer Venue, or, in the Alternative, to Dismiss Plaintiff's Second Amended Employment Discrimination Complaint Pursuant to Rule 12(b)(6) [Docket No. 31]. Plaintiff Kentrell Dewayne Roman filed a response. Docket No. 55. Defendant Amazon.com, Inc. ("Amazon") filed a reply. Docket No. 56. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Mr. Roman began working for Amazon on April 7, 2023. Docket No. 17 at 4, ¶ 1. He worked at a warehouse located in Baton Rouge, Louisiana. *Id.*, ¶ 3. Mr. Roman is Black, male, gay, and has autism. *Id.*, ¶ 5. Mr. Roman alleges that, while working at Amazon, various co-workers and supervisors treated him in ways that he believes

---

[1] The facts below are taken from plaintiff's second amended complaint, Docket No. 17, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

constituted discrimination or retaliation based on his race, gender, sexual identity, and disability status. *See generally id.* at 4-10, ¶¶ 7-43.[2]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept the well-pled allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true. *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, she has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Because Mr. Roman is proceeding pro se, the Court will construe his pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[2] Because the Court finds that some of Mr. Roman's claims are premised on statutes and regulations that do not apply to his circumstances and the remainder of Mr. Roman's claims are time-barred by a failure to file a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), the Court does not need to discuss Mr. Roman's factual allegations in any greater detail.

III.  ANALYSIS

Mr. Roman brings five claims against Amazon.  The first two claims allege that the sexual harassment and hostile work environment Mr. Roman experienced constitute a violation of 41 C.F.R. § 60-20.8.  Docket No. 17 at 10-12, ¶¶ 44-51.  The third claim alleges color- and disability-based discrimination in violation of the Title VII of the Civil Rights Act of 1964 Americans with Disabilities Act ("ADA").  *Id.* at 12, ¶¶ 52-55.  The fourth claim alleges retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.  *Id.* at 12-13, ¶¶ 56-59.  The fifth cause of action alleges disparate treatment under 29 U.S.C. § 1607.11.  *Id.* at 13-14, ¶¶ 60-65.  Because there is no section 1607 of Title 29 of the United States Code, the Court understands the fifth claim to allege a violation of 29 C.F.R. § 1607.11, which deals with employee selection procedures.  *Id.*

Amazon argues that venue is not proper in the District of Colorado because Mr. Roman's complaint only makes allegations regarding events in Baton Rouge, Louisiana.  Docket No. 31 at 5-9.  Amazon asks the Court to either dismiss the claims for lack of venue or to transfer the case to the Middle District of Louisiana.  *Id.*  In the alternative, Amazon asks the Court to dismiss Mr. Roman's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Id.* at 9-16.  The Court finds that Mr. Roman has failed to state a claim and will dismiss his complaint on that basis.  The Court therefore will not reach Amazon's arguments regarding venue.

### A.  Claims One and Two: Sexual Harassment and Hostile Work Environment under 41 C.F.R. § 60-20.8

Mr. Roman's first two claims allege sexual harassment and hostile work environment in violation of 41 C.F.R. § 60-20.8.  Docket No. 17 at 10-12, ¶¶ 44-51.

The purpose of the part of the Code of Federal Regulations in which § 60-20.8 is found is to "set forth specific requirements that covered Federal Government contractors and subcontractors, including those performing work under federally assisted construction contracts ("contractors"), must meet in fulfilling their obligations under Executive Order 11246, as amended, to ensure nondiscrimination on the basis of sex in employment." 41 C.F.R. § 60.20.1 (footnote omitted).  The Court finds that 41 C.F.R. § 60-20.8 applies to federal government contractors and subcontractors.  *See Anderson v. Am. Foods Grp. LLC*, 2024 WL 5200449, at *1 (E.D. Wis. Dec. 23, 2024), *aff'd*, 2026 WL 161340 (7th Cir. Jan. 21, 2026); *Tapp v. Bob Evans Restaurants, LLC*, 2019 WL 2123207, at *4 (N.D. Ohio May 15, 2019).  Mr. Roman has not asserted that the sexual harassment and hostile work environment he experienced related in any way to work by Amazon as a contractor to the federal government.  Moreover, there is no basis for finding that 41 C.F.R. § 60-20.8 authorizes a private right of action under which Mr. Roman could bring suit.  Instead, the regulatory scheme contemplates enforcement by the Office of Federal Contract Compliance Programs at the Department of Labor in coordination with the Solicitor of Labor and the Department of Justice.  *See* 41 C.F.R. § 60-1.26.  Thus, the Court finds that Mr. Roman's claims under 41 C.F.R. § 60-20.8 fail, and the Court will dismiss Mr. Roman's first two claims without prejudice.[3]

### B.  Claim Three: Discrimination and Retaliation under 42 U.S.C. § 2000e, 12101, and 12203

Mr. Roman's third claim invokes the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the ADA, 42 U.S.C.

---

[3] To the extent that Mr. Roman actually meant to allege sexual harassment and hostile work environment claims pursuant to Title VII or the ADA, the Court finds that the claims are time-barred for the same reasons discussed in the analysis of claim 3.

4

§ 12101 et seq., and the anti-retaliation provisions of the ADA, 42 U.S.C. § 12203 *et seq*.  Docket No. 17 at 12, ¶¶ 52-55.  A Colorado plaintiff bringing claims under Title VII or the ADA must first file a charge with the EEOC within 300 days of the alleged unlawful practice.  *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 (10th Cir. 1999); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 (10th Cir. 2007).  A plaintiff may not bring an action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter.  *Simms v. Okla. ex rel. Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogated on other grounds as recognized in Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th Cir. 2014).

Mr. Roman's complaint alleges discriminatory and retaliatory events that took place between April 2023 and November 2023.  *See* Docket No. 17 at 4-7, ¶¶ 1, 10, 13, 14, 22-23.  Mr. Roman attaches to his complaint a copy of the charge of discrimination he filed with the EEOC and the Colorado Civil Rights Division.  *See* Docket No. 17-1 at 2-3.[4]  Mr. Roman signed and dated this document on December 1, 2024.  *Id.* at 3.  The document lists the last date of discrimination as December 8, 2023.  *Id.* at 2.  Thus, Mr. Roman failed to submit his charge of discrimination with the EEOC within 300 days of

---

[4] The Court considers this document outside of the pleadings on a motion to dismiss because, "[n]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The Court finds that these documents, which Mr. Roman attached to his complaint, are central to the complaint.  Amazon does not dispute the authenticity of the document; instead, Amazon relies on the document as a basis for dismissing the complaint.  *See* Docket No. 31 at 10-11.

5

the alleged unlawful practice.  Therefore, he cannot bring a claim based on these events, *Simms*, 165 F.3d at 1326, and the Court will dismiss this claim with prejudice.[5]

### C. Claim Four: FMLA Retaliation under 29 U.S.C. § 2615

Mr. Roman alleges that Amazon violated the FMLA.  Docket No. 17 at 12-13, ¶¶ 56-59.  Specifically, Mr. Roman cites to a portion of the law stating that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."  *See id.* at 13, ¶ 57 (quoting 29 U.S.C. § 2615(a)(2)).  The Tenth Circuit has recognized claims under this part of the FMLA as being made under the "retaliation or discrimination" theory. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002).

"To establish a prima facie case of FMLA retaliation, an employee must prove that [he]: (1) availed [himself] of a protected right under the FMLA; (2) was adversely affected by an employment decision; and (3) that there was a causal connection between the two actions."  *Robert v. Bd. of Cnty. Comm'rs of Brown Cnty., Kans.*, 691 F.3d 1211, 1219 (10th Cir. 2012) (citing *Morgan v. Hilti*, 108 F.3d 1319, 1325 (10th Cir. 1997)).  Amazon argues that Mr. Roman does not allege any facts that would support an FMLA interference or retaliation claim.  The Court agrees.  "[The FMLA] entitles eligible employees to take up to 12 work weeks of unpaid leave per year."  *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 34 (2012).  "An employee may take leave under the FMLA for: (A) 'the birth of a son or daughter . . . in order to care for such son or daughter,' (B) the adoption or foster-care placement of a child with the employee, (C) the care of a 'spouse . . . son, daughter, or parent' with 'a serious health condition,' or

---

[5] The Court dismisses this case with prejudice because it is time-barred.  *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

6

(D) the employee's own serious health condition when the condition interferes with the employee's ability to perform at work." *Id.* Nowhere in his complaint does Mr. Roman allege facts that indicate he was availing himself of a right protected under the FMLA, such as seeking to take leave under the FMLA or contesting Amazon's FMLA policies. Thus, the Court finds that Mr. Roman has failed to state a claim for FMLA retaliation. The Court will dismiss this claim without prejudice.[6]

### D. Claim 5: Disparate Treatment under 29 C.F.R. § 1607.11

Mr. Roman alleges that he experienced disparate treatment by Amazon. Docket No. 17 at 13-14, ¶¶ 60-65. As explained earlier, the Court understands Mr. Roman to assert that this treatment is a violation of 29 C.F.R. § 1607.11, rather than the non-existent "29 U.S.C. § 1607.11" he cites in the complaint. Part 1607.11 of Title 29 of the Code of Federal Regulations states:

> The principles of disparate or unequal treatment must be distinguished from the concepts of validation. A selection procedure—even though validated against job performance in accordance with these guidelines—cannot be imposed upon members of a race, sex, or ethnic group where other employees, applicants, or members have not been subjected to that standard. Disparate treatment occurs where members of a race, sex, or ethnic group have been denied the same employment, promotion, membership, or other employment opportunities as have been available to other employees or applicants. Those employees or applicants who have been denied equal treatment, because of prior discriminatory practices or policies, must at least be afforded the same opportunities as had existed for other employees or applicants during the period of discrimination. Thus, the persons who were in the class of persons discriminated against during the period the user followed the discriminatory practices should be allowed the opportunity to qualify under less stringent selection procedures previously followed, unless the user demonstrates that the increased standards are required by business necessity. This section does not prohibit a user who has not previously followed merit standards from adopting merit standards which are in compliance with these guidelines; nor does it preclude a user who has previously used invalid or unvalidated selection

---

[6] To the extent that Mr. Roman actually meant to allege a retaliation claim under Title VII or the ADA, the Court finds that the claim is time-barred for the same reasons discussed in the analysis of claim 3.

7

>procedures from developing and using procedures which are in accord with these guidelines.

*Id.* This provision is located in a part of the Code of Federal Regulations that provides guidelines governing "tests and other selections procedures which are used as a basis for any employment decisions." *Id.*, § 1607.2(B). Although Mr. Roman alleges that he was treated differently than other employees based on various protected characteristics, *see* Docket No. 17 at 14, ¶ 65, he does not allege any facts that Amazon discriminated against him through the use of a test or selection procedure in making employment decisions. The Court therefore finds that this claim fails to state a cause of action against Amazon pursuant to Rule 12(b)(6) and will dismiss it without prejudice.

## IV.  CONCLUSION

It is therefore

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) or to Transfer Venue, or, in the Alternative, to Dismiss Plaintiff's Second Amended Employment Discrimination Complaint Pursuant to Rule 12(b)(6) [Docket No. 31] is **GRANTED in part**. It is further

**ORDERED** that the first, second, fourth, and fifth claims of Mr. Roman's second amended employment discrimination complaint, Docket No. 17, are **DISMISSED without prejudice**. It is further

**ORDERED** that the third claim of Mr. Roman's second amended employment discrimination complaint, Docket No. 17, is **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED February 23, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge